# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL DWAYNE CAETANO,<br><br>Plaintiff,<br><br>v.<br><br>DEPOSITORY TRUST COMPANY, et al.,<br><br>Defendants. | Case No. 1:22-cv-00679-SKO<br><br>**ORDER DIRECTING THE CLERK OF THE COURT TO ASSIGN A DISTRICT JUDGE TO CONSIDER THE FINDINGS AND RECOMMENDATIONS**<br><br>**FINDINGS AND RECOMMENDATIONS TO:**<br><br>**(1) DISMISS COMPLAINT AS FRIVOLOUS; AND**<br><br>**(2) DENY MISCELLANEOUS MOTIONS**<br><br>(Docs. 4, 5, 7, 8, 9)<br><br>**21-DAY DEADLINE** |

## I.   INTRODUCTION

**A.   Background**

On June 6, 2022, Plaintiff Nathaniel Dwayne Caetano, a state prisoner proceeding *pro se*, filed a complaint. (Doc. 1 ("Compl.").)  Plaintiff also filed an application to proceed *in forma pauperis*, which was granted on June 8, 2022. (Docs. 2 & 3.)  On July 1, 2022, before the Court screened the initial complaint, Plaintiff filed a First Amended Complaint ("FAC") as a matter of course, *see* Fed. R. Civ. P. Rule 15(a)(1). (Doc. 4 ("FAC").)  On July 20, 2022, Plaintiff filed an "Application for Right to Attach Order" and "temporary Protective Order Application," in addition to requests for joinder, the entry of an "indemnification bond," and issuance and service of

1  summonses.  (Docs. 5, 7, 8, 9.)

2  Plaintiff's FAC, which supersedes the initial complaint filed on June 6, 2022, *see Lacey v.*
3  *Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc), is now before the Court for screening.[1]
4  For the reasons stated below, the undersigned will recommend that this action be dismissed as
5  frivolous and for failure to state a claim.  The undersigned will also recommend that Plaintiff's
6  remaining requests be denied as moot.

7  **B.    Screening Requirement and Standard**

8  In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen
9  each case and shall dismiss the case at any time if the Court determines the allegation of poverty is
10 untrue, or the action is frivolous or malicious, fails to state a claim upon which relief may be granted,
11 or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §
12 1915(e)(2).  If the Court determines that a complaint fails to state a claim, leave to amend may be
13 granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez v.*
14 *Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

15 The Court's screening of a complaint under 28 U.S.C. § 1915(e)(2) is governed by the
16 following standards.  A complaint may be dismissed as a matter of law for failure to state a claim
17 for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable
18 legal theory.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  Plaintiff
19 must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant
20 fair notice of what plaintiff's claims are and the grounds upon which they rest.  *See, e.g.*, *Brazil v.*
21 *U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798
22 (9th Cir. 1991).

23 **C.    Summary of the Complaint**

24 Plaintiff is currently housed at the California Substance Abuse Treatment Facility in
25 Corcoran, California.  (FAC at 1.)  The FAC names Depository Trust Corporation and Fidelity Life
26 Insurance Company ("Defendants") as defendants.  (*Id.* at 2.)  The "Statement of Claim" section of

27

28 [1] This proceeding was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B).

2

the form complaint reads as follows:

> I, Nathaniel Dwayne Caetano, claim to be in possession of the "Title" of Registered Security "104 803 4302" so technically this is a Title dispute for which I claim to be the Rightful owner of the 104 803 4302 Security/Title and therefore Right to its assets/value Bond No. 315805382 and its $43,700,000.00 USD.

(*Id.* at 4.)

In a document titled "Truth Affidavit" submitted along with the FAC, Plaintiff avers that he has amended his complaint to clarify that he is "suing in [his] personal-private appellation 'Nathaniel Dwayne Caetano," the private man, private citizen, natural person, a flesh and blood living soul not to be confused with the juristic person NATHANIEL DWAYNE CAETANO."[2] (*Id.* at 9.) Plaintiff further alleges that "when a 'person' goes to [the] bank with $10,000.00 in reserves and applies for a 'loan' all that is backing that loan is the borrowers [sic] signature . . . . We basically sign and create our own money by promissory notes." (*Id.* at 10.)

### D. Pleading Requirements Under Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of

---

[2] The Court observes that the initial complaint identifies Plaintiff Nathaniel Dwayne Caetano as an "unincorporated foreign corporation." (Doc. 1 at 3.)

any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

## II.   DISCUSSION

A complaint is frivolous within the meaning of 28 U.S.C. § 1915 "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "The court may . . . dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless." *Howell v. Johnson*, No. 2:21-cv-00997-CKD, 2021 WL 3602139, at *1 (E.D. Cal. 2021) (citing *Neitzke*, 490 U.S. at 327). "The critical inquiry is whether a . . . claim, however inartfully pleaded, has an arguable legal and factual basis." *Id.*

Although not entirely clear, the FAC can be summarized as follows: Plaintiff believes that he is able to create his own money by signing promissory notes. (*See* FAC at 10.) Plaintiff appears to allege that "Registered Security 104 803 4302" (the "Security") is a promissory note that he created and owns. (*See* FAC at 4; Doc. 1 at 5.) According to Plaintiff, as "Bond CUSIP No. 315805382" (the "Bond") is "backed/based upon the Security," Plaintiff is thus the rightful owner of the Bond and its alleged $43,700,000.00 value, not Defendants.

Federal courts, however, have rejected this theory that a promissory note is money as entirely frivolous. *See, e.g.*, *Bendeck v. U.S. Bank Nat'l Ass'n*, No. CV 17-00180 JMS-RLP, 2017 WL 2726692, at *4 (D. Haw. June 23, 2017) ("This court readily rejects the 'promissory note is money' premise as absurd and frivolous."); *Demmler v. Bank One NA*, No. 2:05-CV-322, 2006 WL 640499, at *3 (S.D. Ohio Mar. 9, 2006) (rejecting the plaintiff's assertion—that the promissory note he

4

executed was the equivalent of "money" that he gave to the bank—as "utterly frivolous and lack[ing] any legal foundation whatsoever"). Accordingly, the undersigned finds that the FAC is based on an indisputably meritless legal theory.

It also appears that Plaintiff's allegations are also based on a sovereign citizen ideology. The Ninth Circuit Court of Appeals has rejected arguments premised on the sovereign citizen ideology as utterly meritless. *See United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986). This Court has done so as well. *See, e.g.*, *Mackey v. Bureau of Prisons*, No. 1:15-cv-1934-LJO-BAM, 2016 WL 3254037, at *1 (E.D. Cal. June 14, 2016). And "[c]ourts across the country have uniformly rejected arguments" based on the sovereign citizen ideology as frivolous, irrational, or unintelligible. *United States v. Staten*, No. 1:10-cr-179, 2012 WL 2389871, at *3 (M.D. Pa. June 25, 2012); *see also Banks v. Florida*, No. 19-756, 2019 WL 7546620, at *1 (M.D. Fla. Dec. 17, 2019), *report and recommendation adopted*, 2020 WL 108983 (M.D. Fla. Jan. 9, 2020) (collecting cases and stating that legal theories espoused by sovereign citizens have been consistently rejected as "utterly frivolous, patently ludicrous, and a waste of ... the court's time, which is being paid by hard-earned tax dollars"); *United States v. Wunder*, No. 16-9452, 2019 WL 2928842, at *5 (D.N.J. July 8, 2019) ("legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign citizen movement" is nothing more than a nullity); *Zahir v. Mountcastle*, No. 21-CV-1023, 2021 WL 1143381, at *3 (E.D. Pa. March 25, 2021) ("other than irrelevant statements of legal fictions, Zahir asserts no facts to demonstrate any viable cause of action for money damages. Legal sounding but meaningless verbiage is nothing more than a nullity").

In sum, the undersigned concludes that the FAC is frivolous, lacking an arguable basis in law, and therefore fails to state a plausible claim. Because the complaint is frivolous, the undersigned finds that Plaintiff should not be granted leave to amend. *See Lopez*, 203 F.3d at 1127 n. 8 ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend.").

///

///

///

5

### III. CONCLUSION, ORDER, AND RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's First Amended Complaint (Doc. 4.) be dismissed as frivolous and for failure to state a claim, without leave to amend; and

2. Plaintiff's remaining requests (Docs. 5, 7, 8, 9) be denied as moot.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B).  **Within twenty-one (21) days after being served with these Findings and Recommendations**, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Furthermore, the Clerk of the Court is DIRECTED to assign a district judge to this case for the purpose of considering the findings and recommendations.

IT IS SO ORDERED.

Dated:  **August 1, 2022**                    /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE